**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-20902
(Summary Calendar)

_____

MARILYN CORDOVI,

Plaintiff-Appellant,

versus

NORTHEAST MEDICAL CENTER HOSPITAL,

Defendant-Appellee.

_____

Appeal from United States District Court
for the Southern District of Texas
(H-95-CV-132)

_____

July 15, 1996

Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

In this gender and ERISA discrimination action,[1] Marilyn Cordovi appeals the district court's

judgment granting the defendant's motion for summary judgment. Cordovi claims that she presented

a prima facie case of discrimination and rebutted the defendant's stated reasons for her termination.

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[1]We find that Cordovi has waived her age discrimination and intentional infliction of emotional distress claims by failing to address these issues in her original appellate brief. See In re HECI Exploration Co., 862 F.2d 513, 519 n.8 (5th Cir. 1988); and Zeno v. Great Atlantic & Pacific Tea Co., 803 F.2d 178, 180-81 (5th Cir. 1986).

She also asserts that she presented direct evidence of a discriminatory reason for the termination. For the following reasons, we affirm the judgment of the district court.

## FACTS

Forty-year-old Marilyn Cordovi was employed for nearly four years as the marketing director of Northeast Medical Center Hospital. During her years of service with Northeast, Cordovi consistently received favorable reviews from her supervisors. After her termination on December 2, 1993, Northeast immediately filled Cordovi's position with a female, Carol Hubar, who was also forty years old. Hubar resigned after three months and was replaced by a forty-six-year-old male.

Cordovi's husband suffered from a chronic catastrophic illness. Northeast was responsible for substantial hospital and medical expenses because her husband was covered by the self-insured health insurance plan offered to Cordovi as an employee. Cordovi testified that Northeast administrator Fred Mery repeatedly voiced his criticism of Northeast's self-insured employee health benefit plan. He urged managers to encourage employees not to use their health care benefits. Northeast would have remained liable for Mr. Cordovi's medical expenses as long as Cordovi remained employed by the hospital.

Northeast has provided several reasons on different occasions to explain its termination of Cordovi: (1) outside agencies formulated Cordovi's most successful campaigns, (2) unsatisfactory work performance, (3) excessive reliance on outside contractors, (4) refusal to work after hours, and (5) unsatisfactory presentation at an area health fair. Cordovi presented evidence attempting to refute each of the proffered reasons. Nevertheless, the district court granted Northeast's motion for summary judgment, stating that Cordovi did not establish a prima facie case and did not prove that Northeast's reasons were pretextual. Cordovi timely appealed.

## DISCUSSION

### A.     *STANDARD OF REVIEW.*

We review a grant of summary judgment under the parameters established by rule 56 of the Federal Rules of Civil Procedure.  Rule 56 governs the propriety of summary judgment.  Summary judgment shall be granted if the record, taken as a whole, "together with the affidavits, if any, show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56.  We review the district court's summary judgment de novo.  Nichols v. Loral Vought Sys. Corp., 81 F.3d 38, 40 (5th Cir. 1996).  However, we resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

### B.     *SEX DISCRIMINATION CLAIM.*

We must evaluate whether Cordovi's summary judgment evidence raises a genuine issue of material fact within the framework of the three-tier McDonnell Douglas analysis: (1) the plaintiff must establish a prima facie case of employment discrimination, (2) if established, the burden shifts to the defendant to produce a legitimate, nondiscriminatory reason for its actions, and (3) the burden returns to the plaintiff to prove that the reason was a pretext for discrimination and that the real reason was to discriminate.  Marcantel v. Louisiana Dep't of Transp. & Dev., 37 F.3d 197, 199 (5th Cir. 1994) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)).

The district court held that Cordovi failed to establish a prima facie case of sex discrimination relying on the fact that Northeast replaced Cordovi with a female of the same age.  The district court

3

rejected Cordovi's contention that Hubar was not actually her replacement, but rather a caretaker of the position until a male was hired. Further, the district court concluded that the stray comments of Cordovi's supervisor regarding the appearance of some employees were unrelated to any adverse employment action, and that Cordovi's subjective belief of discrimination could not withstand summary judgment. We agree.

Though it is often difficult to prove employment discrimination, the plaintiff must establish more than subjective beliefs and unrelated stray comments to prove her case. See Douglass v. United Serv. Auto. Asso., 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). Generalized testimony by an employee regarding her subjective belief that her discharge was the result of discrimination is insufficient to make an issue for the jury when the beliefs are not substantiated by conduct or comments that are directly related to an adverse employment action. See id.; and Portis v. First Nat'l Bank of New Albany, 34 F.3d 325, 329 (5th Cir. 1994).

Cordovi's evidence falls within the gambit of subjective speculation. We find that Cordovi's hypothesis that Hubar was not *actually* her replacement is completely unfounded. Hubar, a woman the same age as Cordovi, was permanently placed in Cordovi's position. A male was hired for Cordovi's position seven months after her discharge *only* when Hubar decided not to remain in the position.

Further, we conclude that the comments that Fred Mery, the hospital administrator, allegedly made regarding the appearance of some females do not qualify as proof that Northeast otherwise discharged Cordovi because of her sex. The isolated critical comments have not been connected with any adverse employment decisions affecting female employees. Neither can Cordovi attribute the comments to the adverse employment action that she experienced. Mery consecutively hired a female

4

for the marketing director position. Mery gave Cordovi favorable reviews and recommended her for pay increases for the years preceding her discharge. Also, Mery's criticisms regarding professional appearance were directed to both male and female employees. Testimony from Walt Chapman indicated that on two occasions Mery has commented critically on Chapman's appearance.

We hold that Cordovi has failed to establish a prima facie case because she has presented no evidence that she was replaced by someone outside of her protected class (i.e., women) or was otherwise discharged because of her sex. See Brown v. CSC Logic, Inc., __ F.3d __, 1996 WL 20342 (5th Cir. May 13, 1996) (affirming summary judgment because the plaintiff, whose position was completely eliminated, failed to establish a prima facie case of discrimination where he was not replaced by someone outside of the protected class and failed to offer sufficient evidence that otherwise indicated that he was discharged because of his age). Thus, the district court correctly concluded that Cordovi has not created a geniune issue of material fact precluding summary judgment.

Our finding that Cordovi has failed to satisfy her burden of establishing a prima facie case of sex discrimination obviates that need to discuss the validity of Northeast's reasons for discharging Cordovi. The three-tier McDonnell Douglas analysis requires a party to satisfy her burden before the burden shifts to the other party. See Brown, __F.3d at ___ (noting that it would evaluate the validity of the employer's stated reasons because one of the two plaintiffs had successfully presented a prima facie case). Exercising principles of judicial restraint, we decline the opportunity to address this issue.

**C.    *ERISA DISCRIMINATION CLAIM.***

Cordovi argues that the statements and actions of Fred Mery provide evidence that Northeast violated ERISA by discharging her with the intent to relieve itself of the medical costs arising from her husband's illness. Northeast responds that Cordovi presents only speculation to support this claim and does not present a scintilla of evidence establishing a causal connection between Mery's concerns and Cordovi's discharge.

The district court held that Cordovi presented no facts permitting a reasonable inference that Mery's concerns regarding the cost of the health plan resulted in Cordovi's discharge. It further held that expressions of cost concerns, standing alone, cannot sustain a plaintiff's burden of establishing specific intent. We agree with the district court.

The United States Code make it unlawful for an employer "to discharge . . . or discriminate against the participant or beneficiary . . . for the purpose of interfering with the attainment of any right to which [she] may become entitled under the plan." 29 U.S.C. § 1140. To survive summary judgment, the claimant must present positive evidence of her employer's specific intent to discriminate against her by interfering with the attainment of a right to which she is entitled. McGann v. H&H Music Co., 946 F.2d 401, 494 (5th Cir. 1991), cert. denied, 506 U.S. 981 (1992); see also Hines v. Massachusetts Mut. Life Ins. Co., 43 F.3d 207, 209 (5th Cir. 1995). "A party against whom summary judgment is sought cannot raise a fact issue simply by asserting a cause of action to which state of mind is a material element. There must be some indication that [she] can produce the requisite quantum of evidence to enable [her] to reach the jury with [her] claim." Clark v. Resistoflex Co., 854 F.2d 762, 771 (5th Cir. 1988) (quotations omitted).

Cordovi's evidence of ERISA discrimination cannot withstand summary judgment. She presents several statements made by Mery regarding the cost of the self-insured health plan offered

6

to employees. Mery allegedly urged managers to encourage employees not to use the plan and stressed the effect of catastrophic illnesses on the plan. The statements, however, were not directed to Cordovi, did not expressly name Cordovi, and did not target her husband. The statements and actions expressed cost concerns regarding all employees' use of the health plan. Consequently, Cordovi makes a leap in logic to establish a connection between Mery's cost concerns and her discharge. Cordovi's assumptions and speculations are insufficient to defeat Northeast's motion for summary judgment. See Simmons v. Willcox, 911 F.2d 1077, 1082 (5th Cir. 1990) (noting that speculative allegations are insufficient to create a genuine issue of material fact); and Clark, 854 F.2d at 771 (noting that the inferences from the facts the plaintiff adduced were speculative and failed to raise a fact question precluding summary judgment). Therefore, the district court correctly granted Northeast's motion for summary judgment on Cordovi's ERISA discrimination claim.

**CONCLUSION**

For the foregoing reasons, we AFFIRM the judgment of the district court.

7